```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

LONNIE L. JOHNSON,             )
                                   )
        Plaintiff       )
                                 )
     v.                    )   Case No. 2:05 cv 121
                                 )
U.S. STEEL GARY WORKS,        )
                                 )
        Defendant      )

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by the defendant, U.S. Steel, on December 28, 2005. For the reasons set forth below, this motion is **GRANTED**.

### Background

On January 18, 2005, Lonnie Johnson filed a *pro se* complaint alleging wrongful denial of his pension benefits by U.S. Steel. After court-appointed counsel withdrew on the basis that Johnson's claim lacked merit, Johnson filed two letters, a Pension Agreement between U.S. Steel and the United Steelworkers of America, and a booklet entitled "What You Should Know . . . about your retirement plan" with the court. Taken together, the letters and highlighted portions of the booklets comprise Johnson's response to the motion to dismiss now before the court. Although not entirely clear, Johnson either seeks a refund of the money he says was deducted from his paychecks for the pension plan or full pension benefits.

Johnson worked for U.S. Steel from 1963 to 1975, when he was terminated. (Complaint; March 28, 2006 Letter) While an employee at U.S. Steel, Johnson's pension eligibility was governed

by the Pension Agreement effective July 31, 1972 between U.S. Steel and the United Steelworkers union.  (Aff. Thomas Craig, ¶ 4)  The benefits under the 1972 Pension Agreement were entirely funded by the company. (Craig Aff. ¶¶ 5-6)  As a union-represented, hourly-paid employee, Johnson was not eligible for the contributory pension portion of the United States Steel Corporation Plan for Employee Benefits. (Craig Aff. ¶ 8)  Johnson has not provided any evidence showing that a pension contribution was deducted from his paychecks.

   Johnson has highlighted a portion of the "Permanent Incapacity Retirement" section under the heading of "Eligibility and Amount of Pension" in the 1972 Pension Agreement.  The highlighted paragraph states:

> If such participant is not eligible for Social Security disability benefits, his Regular Pension will be the percent pension or the minimum pension, whichever is higher, plus the $105 addition described on page 7. When he attains age 65 or becomes eligible for Social Security disability benefits before age 65, the $105 addition will cease to apply.

(Pension Agreement, p. 13)

The Pension Agreement further states that in order to be eligible for pension benefits as set forth in the above paragraph, a participant must have worked for U.S. Steel continuously for at least 15 years. (Pension Agreement, pg. 12). The highlighted paragraph from the "What You Should Know" booklet generally states when an eligible employee may expect benefits to begin. (Booklet, pp. 31-32)

2

At no time did Johnson file a claim for pension benefits with U.S. Steel prior to this suit.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  A complaint may be dismissed in accordance with Rule 12(b)(6) if it is beyond doubt that the plaintiff can prove no sets of facts which could support his claim.  *See Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004); *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004); *Flannery v. Recording Industry Association*, 354 F.3d 632, 637 (7th Cir. 2004).  In considering a motion to dismiss the court will look only at the pleadings and will accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.  *See Treadway*, 362 F.3d at 981; *Flannery*, 354 F.3d at 637. The pleadings include not only the complaint but also can include the documents attached to the complaint and any supporting briefs. *See Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

The Employee Retirement Income Security Act ("ERISA") enables a plan participant, such as Johnson, to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). However, the plan participant

3

first must exhaust his administrative remedies before filing suit. *See, e.g.,* **Anderson v. LaSalle Steel Company**, 129 Fed. Appx. 311, 313 (7th Cir. 2005); **Zhou v. Guardian Life Insurance Company of America**, 295 F.3d 677, 679 (7th Cir. 2002). In other words, he must "first [request] an internal review of a denial of benefits or otherwise [utilize] the benefit plan's claim procedures" before seeking court intervention. **Anderson**, 129 Fed. Appx. at 313. Failure to do so is grounds for dismissal. *See* **Zhou**, 295 F.3d at 679.

It is undisputed that Johnson did not attempt to exhaust his administrative remedies before filing suit. For this reason alone, dismissal of this case is appropriate. However, even if Johnson had taken the proper administrative steps, this claim would fail on the merits. Johnson only worked 12 years for U.S. Steel, which is three years short of the 15 years required to become eligible for pension benefits. (Pension Agreement, p. 12) Moreover, he has not presented any evidence that a pension contribution actually was deducted from his paycheck, in error or otherwise. Conversely, U.S. Steel has shown that Johnson was not eligible for employee contribution to a pension and that the pension plan in effect at the time of Johnson's termination placed the funding obligation fully on U.S. Steel. For all these reasons, this case must be dismissed.

_____

For the foregoing reasons, the Motion to Dismiss filed by the defendant, U.S. Steel, on December 28, 2005 is **GRANTED.**

ENTERED this 26th day of May, 2006

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge